IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CRAIG BENADOM                                                    PLAINTIFF

V.                                    NO. 15-5038

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Craig Benadom, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

### I.       Procedural Background:

Plaintiff protectively filed his current application for DIB on March 19, 2012, alleging an inability to work since January 1, 2009, due to arthritis, colon cancer, degenerative disc disease, sciatica, herniated disc, severe pain, and high blood pressure. (Tr. 132-134, 138-140, 170, 190 ).  An administrative hearing was held on February 20, 2013, at which Plaintiff appeared without counsel, and testified. (Tr. 26-44).

By written decision dated October 31, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – osteoarthritis. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ

1

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ determined that during the relevant time period, Plaintiff would be unable to perform his past relevant work, and based upon Medical-Vocational Guidelines (the "Grids"), Rules 202.21 and 202.14, a finding of "not disabled" was directed. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 30, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff argues that the ALJ erred in failing to assign proper weight to the opinions of Dr. Guy L. Cook, Plaintiff's treating physician, Dr. Robert Karas, who conducted a General Physical Examination of Plaintiff, and the opinions of the non-examining State physicians. (Doc. 9).  All of these issues relate to whether the ALJ erred in his RFC determination.

In his decision, the ALJ discussed the fact that Dr. Guy L. Cook, a physician who examined Plaintiff at the Veteran's Administration Hospital, opined that Plaintiff's neck conditions significantly affected his ability to perform his usual work, as it limited his ability to lift and carry, moderately affecting his ability to perform chores and shop, and preventing him from exercising and taking part in sports and other recreation. (Tr. 17).  The ALJ noted, however, that Plaintiff had no problem with personal care, and that the records indicated Plaintiff was assigned a 10 percent disability, secondary to neck and back pain. (Tr. 17). The ALJ did not discuss the weight he gave to Dr. Cook's opinion.

The ALJ went on to discuss the opinions of the non-examining state agency physicians, who determined that Plaintiff was capable of performing a range of light exertional level work, but opined that Plaintiff was able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl and reach overhead.  (Tr. 19). The ALJ gave significant weight to the opinions of the State agency physicians, but only to the extent they were consistent with his RFC assessment. (Tr. 19).

The ALJ also discussed the opinion of Dr. Robert Karas, who conducted a General Physical Examination of Plaintiff on June 19, 2013. Dr. Karas found that Plaintiff had moderate to severe limitations in his ability to walk, lift and carry. (Tr. 555). Dr. Karas also noted that Plaintiff had a slow, wide-based gait, and was not able to stand/walk without a

4

cane. (Tr. 554). The ALJ stated that while Dr. Karas assigned the Plaintiff moderate to severe limitations, "these findings appear to rely heavily upon the subjective complaints of the claimant." (Tr. 19). The ALJ concluded that Dr. Karas' findings as a whole appeared to be normal, and gave his opinion significant weight.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent

with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). The opinions of the treating physicians must also be supported by the record as a whole. See Turpin v. Colvin, 750 F.3d 989, 993 (8th Cir. 2004). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Andrews, 771 F.3d at 1102. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

There are several conflicting opinions given by the physicians in this case. The non-examining state physicians found Plaintiff could perform light work with several non-exertional postural limitations. Dr. Karas concluded that Plaintiff had moderate to severe limitations in his ability to walk, lift, and carry, and noted that Plaintiff was not able to stand/walk without a cane. Dr. Cook concluded that Plaintiff's neck conditions significantly affected his ability to perform his usual work, as it limited his ability to lift and carry, moderately affecting his ability to perform chores and shop and prevented him from exercising, and taking part in sports and other recreation. However, the ALJ only gave reasons for the weight he gave to the state agency physicians and Dr. Karas' opinion, and failed to discuss how much weight he gave to Dr. Cook's opinion. The ALJ's statement that Dr. Cook noted the claimant had "no problem with personal care" does not, in the Court's opinion, satisfy the requirement of giving a treating physician's opinion some measure of weight.

In addition, the ALJ used the Grids instead of eliciting the testimony from a Vocational Expert (VE). "Generally, where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the Medical-Vocational Guidelines." Baker v. Barnhart, 457 F.3d 882, 894 (8th Cir. 2006). In this case, not only does plaintiff suffer from pain, but the State agency physicians indicated Plaintiff also suffered from nonexertional limitations. Therefore, the Court believes that based upon the record as a whole, and the medical records in this case, the ALJ should have obtained the testimony of a VE.

Based upon the foregoing, the Court finds this matter should be remanded in order for the ALJ to determine the weight to be given to Dr. Cook's opinion, to re-evaluate the Plaintiff's RFC, and to obtain the testimony of a VE.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 7th day of March, 2016.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

7